# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA (WESTERN DIVISION)

| | |
|---|---|
| GENTEK MEDIA, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MEDIA SERVICES OMAHA, an entity of unknown form;  and DOES 1 to 10, inclusive,<br><br>　　　　　Defendants. | Case No.:  CV07-7015-DSF (OPx)<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Court Rm: 840 (Roybal Bldg)<br><br>Hon. Dale S. Fischer |

The Court conducted a bench trial on March 11, 2009.  Defense counsel had advised the Court that neither defendant nor its counsel would attend.  The Court makes the following findings of fact and conclusions of law.

As to Plaintiff's claims:

**Claim 1**: An agreement was entered into by the parties under which Defendant agreed to pay for DVDs produced by Plaintiff. The agreement was supported by valuable consideration. Plaintiff performed its obligations under the agreement, or was excused from such performance. Defendant accepted the goods by failing to timely give notice of rejection of the deliveries. Defendant breached the agreement by failing to pay for the DVDs that it accepted from Plaintiff.

Plaintiff was damaged as the result of Defendant's breach in the amount of $88,913.00. Said amount was an ascertainable sum as of July 31, 2006.

The above-listed findings were supported by the testimony of Gene Szeto, Ann Lee and Teresa Padilla regarding purchase orders from Defendant and deliveries made by Plaintiff; documentary evidence in the form of purchase orders and e-mail from Defendant for the goods it ordered from Plaintiff, Plaintiff's invoices and accounts receivable reports.

**Claim 2**: Plaintiff provided DVDs at Defendant's request. Defendant received and accepted the deliveries of the goods tendered by Plaintiff, but did not pay for them. Defendant has thus been unjustly enriched. The reasonable value of the goods kept by Defendant is $88,913.00. Said amount was an ascertainable sum as of July 31, 2006

The above-listed findings were supported by the testimony of Gene Szeto, Ann Lee and Teresa Padilla regarding purchase orders from Defendant and deliveries made by Plaintiff; documentary evidence in the form of purchase orders and e-mail from Defendant for the goods it ordered from Plaintiff, Plaintiff's invoices and accounts receivable reports.

**Claim 3**: Plaintiff maintained an open book account for goods sold to Defendant. The amount owed by Defendant on that account is $88,913.00. Said amount was an ascertainable sum as of July 31, 2006

The above-listed findings were supported by the testimony of Gene Szeto and Teresa Padilla regarding the account maintained by Plaintiff for sales of goods to Defendant and documentary evidence in the form of Plaintiff's accounts receivable reports.

**Claim 4**: Plaintiff has submitted written demands for payment, totaling $88,913.00. Defendant failed to timely dispute those written demands for payment. By their conduct, have agreed that Defendant is obligated for sums owed on an account for goods sold by Plaintiff in the amount of $88,913.00. Said amount was an ascertainable sum as of July 31, 2006.

The above-listed findings were supported by the testimony of Gene Szeto, Ann Lee and Teresa Padilla regarding the account maintained by Plaintiff for sales of goods to Defendant and testimony concerning communications between Plaintiff and Defendant and documentary evidence in the form of Plaintiff's invoices to Defendant.

[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Claim 5**: Plaintiff did not pursue this claim and it is deemed dismissed.

**Damages:** Plaintiff has established its damages in the principal amount of $88,913.00. As noted above, the principal amount was an ascertainable sum as of July 31, 2006.

**Pre-judgment interest**: In a diversity action, state law applies in determining whether prejudgment interest should be awarded. See Bangert Brothers Construction Co., Inc. v. Kewit Western Co., 310 F3d 1278, 1297 (10th Cir. 2002). Unless the parties contractually agree otherwise, state law determines the rate of prejudgment interest in diversity cases. See Citicorp Real Estate, Inc. v. Smith, 155 F3d 1097, 1108 (9th Cir. 1998).

California Civil Code §3287(a) provides that pre-judgment interest is allowed for damages that can be made certain by calculation. California Civil Code §3289(b) provides that the interest rate for prejudgment interest, where no interest rate is set by any contract between the parties, is 10% per year.

In the present matter, the Court notes that Plaintiff originally brought this action in the Superior Court of the State of California, but Defendant removed the matter to this court based on diversity jurisdiction (28 USC §1332). California state law therefore controls the awarding of prejudgment interest. No interest rate had been contractually agreed to by the parties, so the 10% per annum rate set forth by` California Civil Code §3289(b) applies.

As noted above, damages in the principal amount of $89,913.00 were ascertainable as of July 31, 2006. This is supported by the accounts receivable aging report that covered the balances owed by Defendant for the month of July 2006 (Plaintiff's Exhibit 43). Daily interest on the principal at 10% per annum is $24.63. Prejudgment interest on the principal from July 31, 2006 to March 11, 2009 (date of the trial) is thus $23,475.91 (the daily interest multiplied by 953 days).

**Attorney's fees:** Plaintiff sought attorney's fees pursuant to California Civil Code §1717.5 at the trial. Because Plaintiff is seeking attorney's fees pursuant to statute, it must find an applicable federal statute authorizing such fees. See Jones, Rosen, et al., Rutter Group Practice Guide, Federal Civil Trials and Evidence (Rutter 2008), ¶19:300, p.19-44.

1  Plaintiff, by its submission of the proposed Findings of Fact and Law, acknowledges that it
2  can find no such federal statute applicable to the present matter. Attorney's fees are denied.

       IT IS SO ORDERED, ADJUDGED, and DECREED.

          6/2/09
   Dated: _____   *Dale S. Fischer*
                                    Hon. DALE S. FISCHER
                                    United States District Judge

[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW